Gordon Welborn, OSB 870965
E-mail: glw@hartwagner.com
Erika L. Wilson, OSB 970267
E-mail: elw@hartwagner.com
HART WAGNER LLP
439 SW Umatilla Avenue
Redmond, OR  97756
Telephone: (541) 548-6044
Facsimile:  (541) 548-6034

<u>Of Attorneys for  Defendant Edward Palmer, M.D.</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MINNY FRANK,<br><br>         Plaintiff,<br><br>    v.<br><br>CASCADE HEALTHCARE COMMUNITY, INC., dba ST. CHARLES MEDICAL CENTER, MAGNUS LAKOVICS, MD, and EDWARD PALMER, MD,<br><br>        Defendants. | No. 11-6402-AA<br><br>**DEFENDANT EDWARD PALMER, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Defendant Edward Palmer, M.D., hereinafter referred to as "Palmer", answers plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

Except as specifically indicated otherwise herein, Palmer denies knowledge or information sufficient to form a belief as to the truth of each and every allegation made about any individual, corporation or entity other than Palmer.

## INTRODUCTION

1.

Palmer admits that he was a physician contracted to perform services at Cascade Healthcare Community, Inc., dba St. Charles Medical Center.  Except as specifically herein

Page 1-  **DEFENDANT EDWARD PALMER, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**HART WAGNER, LLP**
**439 SW Umatilla Avenue**
**Redmond, Oregon 97756**
**Telephone (541) 548-6044 Fax (541) 548-6034**

admitted, Palmer denies the remaining allegations in paragraph 1.    Further, Palmer has insufficient knowledge or information to form a belief as to the truth of the other allegations set forth in paragraph 1 of the Complaint.

2.

Palmer admits that plaintiff was brought by the Deschutes County Sheriff's Department to St. Charles Medical Center's emergency department and that care was provided to plaintiff but, Palmer denies the remaining allegations contained in paragraph 2 of plaintiff's Complaint. Further, Palmer has insufficient knowledge or information to form a belief as to the truth of the other allegations set forth in paragraph 2 of the Complaint.

3.

Palmer denies the legal conclusions alleged by plaintiff in paragraph 3 of the Complaint, but admits that the Court has diversity jurisdiction over the state claims against defendant Palmer.  Palmer denies the remaining allegations contained in paragraph 3.

## I. PARTIES

4.

Palmer admits that he is a physician employed at 2500 NE Neff Road, Bend, OR 97701, and that defendant Magnus Lakovics, MD is a physician employed at 1345 NW Wall Street, Suite 200, Bend, OR 97701.    Defendant Palmer also admits that Cascade Healthcare Community, Inc., dba St. Charles Medical Center, is located at 2500 NE Neff Road, Bend, OR 97701. Defendant Palmer has insufficient knowledge to form a belief as to the truth of the other allegations set forth under the heading "Parties."

## II. JURISDICTION

5.

Palmer admits that the court has diversity jurisdiction over the state claims but denies the remaining legal conclusions alleged by plaintiff.

/ / /

/ / /

Page 2- **DEFENDANT EDWARD PALMER, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

## FACTS

6.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

7.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

8.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

9.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

10.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

11.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

12.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

13.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

14.

Plaintiff's Complaint does not contain a paragraph numbered 12.

Page 3- **DEFENDANT EDWARD PALMER, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**HART WAGNER, LLP**
**439 SW Umatilla Avenue**
**Redmond, Oregon 97756**
**Telephone (541) 548-6044 Fax (541) 548-6034**

15.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

16.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

17.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

18.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

### III.  FIRST CLAIM FOR RELIEF

**A.      Title III of the American with Disabilities Act.**

19.

In response to Paragraph 17, Palmer realleges his responses to paragraphs 1-16 of the Complaint as if fully set forth herein.

20.

The allegations contained in paragraphs 18, 19, 20 and 21 of the Complaint state legal conclusions to which no responsive pleading is required.

### Failure to Provide Reasonable Accommodations

21.

The allegations contained in paragraph 22 of the Complaint state legal conclusions to which no responsive pleading is required.

22.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 23, 24 and 25 of the Complaint.

Page 4-  **DEFENDANT EDWARD PALMER, M.D.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

**Unequal Access to Services**

23.

The allegations contained in paragraph 26 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a response is required, Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

**Discriminatory Eligibility Criteria**

24.

The allegations contained in paragraphs 27, 28, 29 and 30 of the Complaint state legal conclusions to which no responsive pleading is required.

**Discriminatory Methods of Administration**

25.

The allegations contained in paragraph 31 of the Complaint state legal conclusions to which no responsive pleading is required.

26.

Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

**B. Section 504 of the Rehabilitation Act.**

27.

In response to paragraph 33 of the Complaint, Palmer realleges his responses to paragraphs 1-32 of the Complaint as if fully set forth herein.

28.

The allegations contained in paragraphs 34, 35, 36, 37 and 38 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 34, 35, 36, 37 and 38 of the Complaint.

///

HART WAGNER, LLP
439 SW Umatilla Avenue
Redmond, Oregon 97756
Telephone (541) 548-6044 Fax (541) 548-6034

**Less Effective Services**

29.

The allegations contained in paragraph 39 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39, 40 and 41 of the Complaint.

**Failure to Provide Reasonable Accommodations**

30.

The allegations contained in paragraphs 42, 43, and 44 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Palmer lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 42, 43 and 44 of the Complaint.

**Limiting the Participation of Qualified Handicapped Persons**

31.

The allegations contained in paragraph 45 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

**Discriminatory Methods of Administration**

32.

The allegations contained in paragraphs 46 and 47 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Palmer has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 46 and 47 of the Complaint.

/ / /

/ / /

/ / /

HART WAGNER, LLP
439 SW Umatilla Avenue
Redmond, Oregon 97756
Telephone (541) 548-6044 Fax (541) 548-6034

## SECOND CLAIM FOR RELIEF

### *Negligence*

33.

In response to paragraph 48 of the Complaint, Palmer realleges his responses to paragraphs 1-47 of the Complaint as if fully set forth herein.

34.

Palmer admits the allegations contained in paragraph 4.

35.

Palmer admits that he owed plaintiff a duty of reasonable care but except as expressly admitted, Palmer denies the remaining allegations contained in paragraph 50 of the Complaint.

36.

Palmer denies the allegations contained in paragraph 51 of the Complaint.

## THIRD CLAIM FOR RELIEF

### *Intentional or Reckless Infliction of Emotional Distress*

37.

In response to paragraph 52 of the Complaint, Palmer realleges his responses to paragraphs 1-51 of the Complaint as if fully set forth herein.

38.

Palmer denies the allegations contained in paragraphs 53, 54, 55, 56 and 57.

## REQUESTED RELIEF

39.

Palmer denies plaintiff's request for an injunctive and declaratory relief, non-compensatory damages and punitive damages.

Except as expressly admitted herein, any and all other allegations against Palmer set forth in plaintiff's Complaint are expressly denied. Palmer denies that plaintiff is entitled to any form of relief or damages of any kind.

///

HART WAGNER, LLP
439 SW Umatilla Avenue
Redmond, Oregon 97756
Telephone (541) 548-6044 Fax (541) 548-6034

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

40.

Plaintiff's Complaint, in whole or in part, fails to state sufficient facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

41.

Punitive damages are not allowed by Oregon and federal law pursuant to the claims alleged.

## THIRD AFFIRMATIVE DEFENSE

### (Insufficient Service of Process)

42.

Based upon the facts as known at this date, Palmer alleges as an affirmative defense that there was insufficient service of process on Palmer. Upon receipt of additional facts regarding service, Palmer reserves the right to withdraw this affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

43.

Based upon the facts known at this date, Palmer alleges as an affirmative defense failure to initiate the proceeding against Palmer within the time limited by statute. Upon receipt of additional facts regarding service, Palmer reserves the right to withdraw this affirmative defense.

## ADDITIONAL DEFENSES

44.

Palmer reserves the right to amend this answer to assert additional claims or defenses based upon additional facts learned in discovery.

**HART WAGNER, LLP**
**439 SW Umatilla Avenue**
**Redmond, Oregon 97756**
**Telephone (541) 548-6044 Fax (541) 548-6034**

WHEREFORE, Palmer prays for judgment dismissing plaintiff's Complaint and for Palmer's costs and disbursements incurred herein.

Defendant Palmer hereby requests trial by jury.

DATED this 22nd day of March, 2012.

HOFFMAN, HART & WAGNER, LLP

By: _Erika L. Wilson_

Gordon L. Welborn OSB No 870965
Erika L. Wilson, OSB 970267
Of Attorneys for Defendant Edward Palmer, M.D.
Telephone: (541) 548-6044

Page 9- **DEFENDANT EDWARD PALMER, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of March 2012, I served the foregoing **DEFENDANT EDWARD PALMER, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the following parties at the following addresses:

Minny Frank
1803 Buttermilk Lane
Arcata, CA  95521
Phone:  (707) 822-3844
E-mail: minny@minnyfrank.com

      Plaintiff Pro Se

Ruth J. Hooper
Hart Wagner, LLP
1000 SW Broadway, Twentieth Floor
Portland, OR  97205
Telephone:  (503) 222-4499
Facsimile:  (503) 222-2301
E-mail: rjh@hartwagner.com

      Attorney for Defendant Magnus Lakovics, M.D.

[ X ]      by **mailing** a true and correct copy thereof, certified by me as such, placed in sealed envelopes addressed as set forth above, and deposited in the U.S. Post Office at Redmond, Oregon on said day with postage prepaid.

[   ]      by causing a true and correct copy thereof to be **hand delivered** in sealed envelopes to said attorneys on the date set forth above.

[   ]      by **faxing** a true and correct copy thereof to the fax number shown for said addresses on the date set forth above.

[   ]      by sending a full, true and correct copy thereof via **overnight mail** in sealed, prepaid envelopes, addressed to the attorneys as shown above on the date set forth above.

[ X ]      by **electronic filing notice**, a copy thereof was served on the parties above.

                                  *[signature]*

Gordon L. Welborn, OSB No. 870965
glw@hartwagner.com
Erika Wilson, OSB No. 972679
elw@hartwagner.com
Of Attorneys for Defendant Edward Palmer, MD

**HART WAGNER, LLP**
**439 SW Umatilla Avenue**
**Redmond, Oregon 97756**
**Telephone (541) 548-6044 Fax (541) 548-6034**