IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINNY FRANK,

    Plaintiff,

v.

CASCADE HEALTHCARE COMMUNITY,
INC. dba ST. CHARLES MEDICAL
CENTER; EDWARD PALMER, MD;
REBECCA TIMMS, LCSW; SCOTT
NAMANNY; and THE CITY OF BEND;

    Defendants.

O R D E R
Case No. 6:11-cv-06402-AA

AIKEN, Chief Judge:

    Defendant Cascade Healthcare Community, Inc. ("Cascade"), doing business as St. Charles Medical Center ("SCMC"), moves for a protective order. Cascade's motion is granted in part and denied in part.

Page 1 - ORDER

## DISCUSSION

On December 9, 2011, plaintiff filed a complaint in this Court. Plaintiff's claims arose out of an incident that occurred on January 13, 2010; plaintiff was brought to SCMC by the police following a 911 call from her husband, in which he reported that she was suicidal, intoxicated, and a danger to herself. SCMC employees asked plaintiff to change into hospital scrubs. Plaintiff refused and requested accommodations to retain her clothing because they had already been searched by the police. SCMC denied plaintiff's request and physically restrained her in order to replace her existing clothes with hospital scrubs.

On July 16, 2012, Cascade filed the present motion. Cascade asserts that, beginning in April 2012, "plaintiff began an online campaign [on Youtube[1], Facebook, Twitter, stcharlesmedical.com, and whateverdiagnosis.org,] accusing the hospital of racism, sexism, and discrimination based on mental illness." Def.'s Mem. in Supp. of Mot. Protective Order 2. In response, Cascade drafted a cease and desist letter to plaintiff, who responded by threatening further retaliation. Accordingly, Cascade seeks an order from this Court: (1) "enjoining plaintiff from having any further contact with any represented parties in this case, including employees,

---

[1] As of September 11, 2012, plaintiff restricted public access to the Youtube videos in which she allegedly defames SCMC, Cascade, and Knute Buehler. Thus, the Court was unable to verify their content.

Page 2 - ORDER

executives, and board members of defendant, and via email, correspondence, online video, Facebook, Twitter, Youtube, or any other means [because such contact violates the Oregon Rules of Professional Conduct]"; (2) "requiring plaintiff to remove all videos, websites, blog posts, Facebook pages/posts, Twitter posts, or other online content relating to this lawsuit or the facts underlying it"; and (3) "enjoining plaintiff from posting any further videos, websites, blog posts, Facebook pages/posts, Twitter posts, or other online content relating to this lawsuit or the facts underlying it." Def.'s Mot. Protective Order 1-2.

Cascade has not cited to, and this Court is not aware of, any authority which holds that pro se litigants are bound by the Rules of Professional Conduct. Nonetheless, in her response, plaintiff agrees "to cease further Facebook page postings and emails that have been sent directly to several Board Members of St. Charles Health System." Pl.'s Resp. to Mot. Protective Order 2. Further, because she is acting in a role similar to that of retained counsel in regard to her communications with defendants, the Court finds that plaintiff must communicate solely with the attorney of any represented party.

Cascade's motion, however, is otherwise denied. As an initial matter, Cascade failed to brief, let alone establish, its

entitlement to a preliminary injunction.[2] Moreover, this Court cannot preempt[3] plaintiff from expressing her opinion online. Unelko Corp. v. Rooney, 912 F.2d 1049, 1053 (9th Cir. 1990), cert. denied, 499 U.S. 961 (1991) ("[i]f a challenged statement is one of opinion rather than fact, then under the first amendment it cannot give rise to a defamation claim").

This is especially true because, even assuming that Cascade is a private figure, it has yet to be determined whether plaintiff's statements are, in fact, false. See Reesman v. Highfill, 327 Or. 597, 603, 965 P.2d 1030 (1998) ("[t]o be actionable, a

---

[2] A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 24 (2008). The party seeking the preliminary injunction bears the burden of demonstrating that: "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." Barnett v. BAC Home Loan Servicing, L.P., 772 F.Supp.2d 1328, 1333 (D.Or. 2011) (citing Winter, 555 U.S. at 19).

[3] Prior restraint of speech is only appropriate where: (1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available. See Levine v. U.S. Dist. Ct. for the Central Dist. of Cal., 764 F.2d 590, 595 (9th Cir. 1985), cert. denied, 476 U.S. 1158 (1986) (citations omitted). Cascade does not address this standard or brief these elements; rather, Cascade concludes that plaintiff's actions are "jeopardizing defendant's right to an impartial and unbiased jury." Def.'s Mem. in Supp. of Mot. Protective Order 4. There is no evidence before this Court, however, that the potential jury pool would be aware of, or biased by, plaintiff's online posts.

Page 4 - ORDER

communication must be both false and defamatory"); Volm v. Legacy Health Sys., Inc., 237 F.Supp.2d 1166, 1178 (D.Or. 2002) ("[t]ruth is a complete defense to defamation"). As such, because Cascade failed to demonstrate the requisite elements of defamation, this Court cannot require plaintiff to remove her existing online postings regarding this lawsuit; however, nothing prevents Cascade from litigating these allegedly defamatory statements in a separate action.

## CONCLUSION

Cascade's motion for a protective order (doc. 37) is GRANTED in part and DENIED in part as follows: GRANTED in that plaintiff is ORDERED to contact represented parties only through their counsel; and DENIED in all other regards. In addition, Cascade's motion is MOOT to the extent that it seeks to remove plaintiff's Youtube postings regarding this lawsuit, as they have already been restricted from public viewing.

IT IS SO ORDERED.
Dated this 13th day of September 2012.

_____
Ann Aiken
United States District Judge