IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINNY FRANK,                                    Case No. 6:11-cv-06402-AA
                                                       OPINION AND ORDER
         Plaintiff,

     v.

CASCADE HEALTHCARE COMMUNITY,
INC. dba ST. CHARLES MEDICAL
CENTER; EDWARD PALMER, MD;
REBECCA TIMMS, LCSW; SCOTT
NAMANNY; and THE CITY OF BEND;

         Defendants.
_____

Minny Frank
1803 Buttermilk Lane
Arcata, California 95521
     Pro se plaintiff

Robert E. Franz, Jr.
Law Office of Robert E. Franz, Jr.
P.O. Box 62


Page 1 - OPINION AND ORDER

Springfield, Oregon 97477
     Attorney for defendants the City of Bend, the Bend Police
     Department, and Scott Namanny

Steven P. Jones
Kirstin L. Abel
Keating Jones Hughes PC
One S.W. Columbia, Suite 800
Portland, Oregon 97258
     Attorneys for defendants Cascade Healthcare Community, Inc.
     dba St. Charles Medical Center

Gordon L. Welborn
Erika Lyn Wilson
Hart Wagner, LLP
439 S.W. Umatilla Avenue
Redmond, Oregon 97756

Karen M. O'Kasey
Hart Wagner, LLP
1000 S.W. Broadway, 20th Floor
Portland, Oregon 97205
     Attorneys for defendant Edward Palmer, M.D.

AIKEN, Chief Judge:

     Defendants the City of Bend and Scott Namanny move to dismiss

plaintiff Minny Frank's second amended complaint. For the reasons

set forth below, defendants' motion is denied.

## BACKGROUND

     On January 13, 2010, after mixing alcohol with anti-anxiety

medication, plaintiff became extremely intoxicated and threatened

her life in the presence of her husband. Plaintiff has a history

of psychological issues; knowing this and fearing for her well-

being, plaintiff's husband called 911. When the police arrived at

plaintiff's home, they forcibly hand-cuffed her and searched her

for weapons. Thereafter, the police brought plaintiff to the

Page 2 - OPINION AND ORDER

psychiatric ward of the St. Charles Medical Center ("SCMC"). Plaintiff was initially non-cooperative with her medical-care providers. Regardless, her handcuffs were eventually removed and she was asked to change into hospital scrubs by SCMC employees. Plaintiff refused and requested accommodations to retain her clothing because they had already been searched by the police. SCMC denied plaintiff's request and physically restrained her in order to replace her existing clothes with hospital scrubs. Approximately five to ten minutes later, plaintiff was transferred to a private room, wherein she was again physically restrained and injected with sedatives.

On December 9, 2011, plaintiff filed a complaint in this Court against Cascade Healthcare Community, Inc. ("Cascade"), doing business as SCMC, Dr. Magnus Lakovics,[1] and Dr. Edward Palmer, alleging claims under federal and state law. On April 16, 2012, plaintiff moved to file an amended complaint; on May 16, 2012, plaintiff moved to file a second amended complaint in order to add, in relevant part, the City of Bend and Officer Scott Namanny as defendants, as well as to add claims under 42 U.S.C. § 1983. In its June 26, 2012 Order ("Order"), this Court granted plaintiff's motions; accordingly, on July 12, 2012, plaintiff filed a second amended complaint.

---

[1] On April 17, 2012, the Court dismissed Dr. Lakovics as a defendant from this action. In addition, Cascade and Dr. Palmer are not parties to the present motion.

**STANDARD**

Where plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action.[2] Fed. R. Civ. P. 12(b)(6).   To survive a motion to dismiss, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   For the purposes of a motion to dismiss, the complaint is liberally construed in favor of plaintiff and its allegations are taken as true.   Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).   Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009).   Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

**DISCUSSION**

Defendants contend that plaintiff's § 1983 and intentional infliction of emotional distress ("IIED") claims are barred by the relevant statutes of limitations because they do not relate back to the original complaint in accordance with Fed. R. Civ. P.

---

[2] Defendants do not specify under which provision of Fed. R. Civ. P. 12(b) their motion is brought.   Nevertheless, a motion to dismiss a claim as time-barred by the statute of limitations is appropriately raised under Fed. R. Civ. P. 12(b)(6).   See Sain v. City of Bend, 309 F.3d 1134, 1139-40 (9th Cir. 2004).

15(c)(1)(C).[3]

It is undisputed that plaintiff's claims, including those asserted against defendants, arose on January 13, 2010. It is also undisputed that plaintiff's original complaint was timely. Further, pursuant to plaintiff's motions to file amended complaints, this Court expressly held that the addition of defendants and the § 1983 claims "relate back to the date of the original pleading and are therefore permissible." Order at 2. Since the standards for amendment under Fed. R. Civ. P. 15 are different from those for dismissal under Fed. R. Civ. P. 12, the Order would ordinarily not be dispositive. Because, however, defendants' arguments in favor of dismissal are identical to those raised by Cascade in its opposition to plaintiff's motion to file an amended complaint, their motion is essentially seeking reconsideration of the Order. Compare Defs.' Reply to Mot. Dismiss 6-11, and Defs.' Mot. to Dismiss 2, with Cascade's Resp. to Mot. Am. Compl. 2 (citing Fed. R. Civ. P. 15(c)(1)(C)).

Regardless, defendants are correct that IIED and § 1983 claims

---

[3] Which states, in relevant part: "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

are subject to a two year statute of limitations in Oregon.  See Or. Rev. Stat. §§ 12.110, 30.275(9); see also Sain, 309 F.3d at 1139.  Thus, these claims ordinarily must have accrued on or before January 13, 2012, unless the amendment related back to the original pleading.  See Fed. R. Civ. P. 15(c).

In her initial complaint, plaintiff alleged that "police possibly participated during [her] restraint and forcible stripping." Compl. ¶ 15.  Moreover, defendants neither argue that they were prejudiced by the amended complaint, nor that any other requirement of Fed. R. Civ. P. 15 (c)(1)(C) remains unsatisfied.  Nonetheless, defendants contend that they should be dismissed as parties from this lawsuit because they did not receive timely notice of plaintiff's claims.  In support of their argument, defendants cite to a number of cases which stand for the general proposition that, when a party makes a strategic decision about whom to sue, it cannot later join an intentionally omitted party and benefit from relation back.  See Defs.' Reply to Mot. Dismiss 10 (citing La.-Pac. Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993); Briese v. Mont., Dep't of Health & Human Servs., 2010 WL 5677921, *10 (D.Mont. 2010), adopted by 2011 WL 338399 (D.Mont. Jan. 31, 2011); Dawson v. Borges, 2007 WL 3105076, *2 (N.D.Cal. Oct. 23, 2007); and Wells v. HBO & Co., 813 F.Supp. 1561, 1567 (N.D.Ga. 1992)).

These cases are distinguishable.  In both Dawson and Wells,

Page 6 - OPINION AND ORDER

the plaintiff sought to add a new defendant based on a separate
cause of action that was not raised in the initial complaint. <u>See</u>
<u>Dawson</u>, 2007 WL 3105076 at *2; <u>Wells</u>, 813 F.Supp. at 1567.  Here,
defendants concede that the claims asserted against them are
premised on the same incident as those alleged in the original
complaint.  <u>See</u> Defs.' Reply to Mot. Dismiss 10; <u>see also</u> Order at
2 (citing Compl. ¶ 15).  As a result, unlike <u>Dawson</u> and <u>Wells</u>,
plaintiff's original complaint adequately put defendants on notice
of the claims that were ultimately asserted against them.  <u>See</u>
<u>Brink v. First Credit Res.</u>, 57 F.Supp.2d 848, 853 (D.Ariz. 1999)
("notice need not be formal, i.e., service of summons and
complaint, but it must be sufficient to . . . provide actual
notice" of the action within 120 days of the original complaint).

   <u>La.-Pac.</u> is also not analogous.  There, the plaintiff sought
to file an amended complaint in order to add new parties where it
knew the identity of the proposed defendants at the time the
original complaint was filed but elected instead to institute the
action against another party.  <u>See La.-Pac.</u>, 5 F.3d at 434.  The
motion was denied because "[t]here was no mistake of identity
[within the meaning of Fed. R. Civ. P. 15(c)], but rather a
conscious choice of whom to sue." <u>La.-Pac.</u>, 5 F.3d at 434.  Here,
the omission in the original complaint of defendants as parties
does not reflect plaintiff's conscious choice of whom to sue; in
fact, plaintiff presumably did not have a litigation strategy at

Page 7 - OPINION AND ORDER

the outset of this action, as she is unrepresented.  <u>See</u> <u>Kilkenny</u> <u>v. Arco Marine, Inc.</u>, 800 F.2d 853, 857-58 (9th Cir. 1986) (for the purposes of Fed. R. Civ. P. 15(c)(1)(C), the relevant inquiry is the plaintiff's intent).

While <u>Briese</u> is more directly on point, this Court nonetheless declines to follow it.  In <u>Briese</u>, the pro se plaintiffs' original complaint made allegations regarding the party that they sought to add as a defendant in a subsequent complaint.  <u>See</u> <u>Briese</u>, 2010 WL 5677921 at *10.  Relying on <u>La.-Pac.</u>, the court held that "[r]elation back [was] unavailable" because the plaintiffs "clearly knew who [the omitted party] was and what her role was in the circumstances giving rise to their claims."  <u>Id.</u>

Likewise, at the time plaintiff filed her initial complaint in this case, she knew that defendants were present at and "possibly participated" in the alleged harm.  The record makes clear, however, that plaintiff either did not realize the extent of defendants involvement in the incident giving rise to her claims or that such behavior was actionable pursuant to 42 U.S.C. § 1983. Under similar circumstances, courts from within the Ninth Circuit have reached a conclusion contrary to <u>Briese</u>.  <u>See, e.g.</u>, <u>Centuori</u> <u>v. Experian Info. Solutions, Inc.</u>, 329 F.Supp.2d 1133, 1138 (D.Ariz. 2004).

Here, the omission of defendants as parties to the original complaint likely reflects plaintiff's misunderstanding as a pro se

Page 8 - OPINION AND ORDER

litigant regarding who she could sue under which relevant legal theories. In other words, this Court simply cannot conclude that plaintiff's failure to name defendants in the initial complaint equates to an intentional decision rather than a mistake as to identity. As such, <u>Briese</u> is unpersuasive; rather, the Court finds that this is precisely the type of "mistake" concerning identity that Fed. R. Civ. P. 15(c)(1)(C) encompasses, especially where a pro se litigant is involved.

Therefore, plaintiff's claims against defendants relate back to the original complaint. Accordingly, these claims are not time-barred by the statute of limitations and defendants' motion is denied.

## CONCLUSION

Defendants' motion to dismiss (doc. 54) is DENIED. As a result, defendants' motion to strike plaintiff's sur-reply to their motion to dismiss (doc. 68) is DENIED as moot.

IT IS SO ORDERED.

Dated this _13th_ day of September 2012.


_____
Ann Aiken
United States District Judge


Page 9 - OPINION AND ORDER