IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINNY FRANK,

        Plaintiff,

  v.

CASCADE HEALTHCARE COMMUNITY,
INC. dba ST. CHARLES MEDICAL
CENTER; EDWARD PALMER, MD;
REBECCA TIMMS; SCOTT NAMANNY;
THE CITY OF BEND; BEND POLICE
DEPARTMENT; and CENTRAL OREGON
EMERGENCY PHYSICIANS, LLC;

        Defendants.

Case No. 6:11-cv-06402-AA
OPINION AND ORDER

---

Minny Frank
61535 S. Hwy 97, #9-236
Bend, Oregon 97701
    Pro se plaintiff

Robert E. Franz, Jr.
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, Oregon 97477
    Attorney for defendants Scott Namanny and Ian Macdonnel

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Scott Namanny and Ian Macdonnel move to compel plaintiff Minny Frank's deposition testimony. Previously dismissed defendant Nichole Ryan also moves to prevent plaintiff from deposing her. Additionally, plaintiff requests leave to file a fourth amended complaint. For the reasons set forth below, Namanny's and Macdonnel's motion is granted in part and denied in part, Ryan's motion is denied, and plaintiff's motion is denied.

## BACKGROUND

The history of this matter is well known to all parties and participants. It will therefore only be repeated to the extent necessary to provide context for the present motions.

In January 2010, plaintiff was brought to the emergency department ("ED") of St. Charles Medical Center ("SCMC") by Officers Namanny and Macdonnel following a 911 call from her husband, Lon Frank, in which he reported that she was suicidal, intoxicated, and a danger to herself. Upon admittance to the ED, plaintiff was evaluated by Rebecca Timms, a licensed clinical social worker, and Edward Palmer, an ED physician. Palmer determined, in conferral with Timms and Dr. Lakovics, the admitting physician, that plaintiff was a potential harm to herself and/or others and initiated an emergency psychiatric hold in SCMC's psychiatric emergency services ("PES") unit.

Pursuant to hospital policy, all PES unit admittees are

Page 2 - OPINION AND ORDER

required to undergo a skin-check and wear hospital scrubs. SCMC employees notified plaintiff of this policy and requested that she abide by it. Plaintiff refused; after being provided with several warnings and opportunities to voluntarily change herself, plaintiff was physically restrained by Namanny, Macdonnel, and SCMC staff while a female nursing assistant performed a skin-check and replaced plaintiff's existing clothes with hospital scrubs. Thereafter, plaintiff was transported to the PES unit, wherein she was admitted and administered anti-anxiety and sedative medications. Plaintiff remained in the PES unit until the following morning, when she was discharged into husband (Frank's) care.

On December 9, 2011, plaintiff filed a complaint in this Court. On April 16, 2012, plaintiff moved to file an amended complaint; on May 16, 2012, plaintiff moved to file a second amended complaint. On June 26, 2012, this Court granted plaintiff's motions and she subsequently filed her second amended complaint. On August 6, 2012, plaintiff moved for summary judgment against Palmer. On August 27, 2012, Palmer filed a cross-motion for summary judgment.

On September 21, 2012, after receiving leave from the Court, plaintiff filed her third amended complaint against the Bend Police Department, the City of Bend, Namanny, Macdonnel, SCMC, Central Oregon Emergency Physicians, LLC ("COEP"), Palmer, Timms, Ryan,

Patricia Violet, Christine Huffman, Penni Lancaster, Randal Mcbride, Jonathan Beutler, and Justin Nelson, alleging negligence, negligence per se, negligent infliction of emotional distress, reckless infliction of emotional distress, intentional infliction of emotional distress, and deprivations of her Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

On October 29, 2012, plaintiff filed a motion for summary judgment against COEP, SCMC, and Palmer. That same day, COEP, SCMC, Palmer, Timms, the City of Bend, and the Bend Police Department also moved for summary judgment. On February 11, 2013, with leave from the Court, Ryan, Violet, Huffman, Lancaster, Mcbride, Beutler, and Nelson filed a motion for summary judgment.

On March 6, 2013, the Court granted summary judgment in favor of SCMC, COEP, Palmer, Timms, the City of Bend, the Bend Police Department, Ryan, Violet, Huffman, Lancaster, Mcbride, Beutler, and Nelson. As a result, the remaining claims were asserted under 42 U.S.C. § 1983 against Namanny and Macdonnel. On March 12, 2013, the Court denied plaintiff's motion to reconsider its March 6, 2013 decision. On March 18, 2013, plaintiff filed a Fed. R. Civ. P. 54(b) motion for entry of judgment concerning the previously dismissed claims and defendants. On April 5, 2013, before this Court ruled on plaintiff's Fed. R. Civ. P. 54(b) motion, plaintiff filed an appeal with the Ninth Circuit; accordingly, the Court denied plaintiff's Fed. R. Civ. P. 54(b) motion as moot. On May

20, 2013, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction.

On July 1, 2013, plaintiff filed a "Motion for Relief Pursuant to FRCP 56(d)," challenging the evidentiary support that this Court relied on in issuing its summary judgment opinion, in part because the dismissed defendants allegedly engaged in spoilation of the evidence. On July 3, 2013, this Court denied plaintiff's Fed. R. Civ. P. 56(d) motion. On August 29, 2013, this Court granted plaintiff's unopposed motion for an extension of discovery and pre-trial deadlines, setting November 4, 2013 as the discovery deadline, and December 4, 2013 as the deadline for dispositive motions.

On October 8, 2013, Namanny and Macdonnel filed a motion to compel plaintiff's and Frank's deposition testimony. On October 14, 2013, Ryan moved for a protective order and to quash plaintiff's subpoena for deposition. On October 27, 2013, plaintiff moved to file a fourth amended complaint.

## STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). To effectuate Fed. R. Civ. P. 26, "[a] party may, by oral questions, depose any person, including a party,

Page 5 - OPINION AND ORDER

without leave of the court." Fed. R. Civ. P. 30(a)(1). If a party elects to oppose discovery, he or she "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998); see also Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Fed. R. Civ. P. 15(b). Courts apply Fed. R. Civ. P. 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

## DISCUSSION

### I. Motion to Compel

The parties' discovery dispute transpired as follows:

> On July 25, 2013, by email, Robert Franz advised the plaintiff that he wanted to take the depositions of her, her husband, and her son that was at the house the day she tried to kill herself. Robert Franz inquired as to whether her husband would show up without a subpoena [and asked] for an address for her husband so a subpoena could be served on him if he was not willing to attend[;] plaintiff responded that her husband would "voluntarily come without a subpoena[.]" On August 20, 2013, a Notice of Deposition was emailed to Ms. Frank [reiterating that

plaintiff] "agreed to produce her husband, Lon Frank, for his deposition and without a subpoena. In reliance upon th[is] representation . . . defendants will not issue a subpoena on Lon Frank." [On August 26, 2013,] plaintiff sent an email to Robert Franz advising him that her husband was not going to show up for his deposition without being issued a subpoena[;] Mr. Franz responded[:] "[i]t is now too late for me to get a subpoena served upon him. If he fails to show up to his deposition, I will seek a federal court order requiring him to attend his deposition at a later date. I will also ask the federal court to impose sanctions upon him for representing that he would come without a subpoena, and then deciding not to attend at the last minute[.]" On August 29, 2013, the plaintiff advised [counsel that] "Mr. Frank insists on having an attorney" [and] Mr. Franz responded [by] asking for a physical address of Mr. Frank [so he could issue a subpoena, which plaintiff] refused to provide[.] On September 3, 2013, the deposition of the plaintiff commenced. Her husband did not show up for his deposition. The deposition started and ended after two questions [because plaintiff refused to provide the address at which both she and Frank reside.] From a reading of the deposition, it also appears that the plaintiff's husband was willing to come to his deposition, but that plaintiff told him not to do so.

Defs.' Mem. in Supp. of Mot. Compel 2-4 (citations omitted).

As such, Namanny and Macdonnel move for an order from the Court requiring: (1) "plaintiff to answer the following question proposed to her at her deposition: the physical address where her and her husband are currently living"; (2) plaintiff to "appear at the federal court in Eugene, Oregon, for the taking of her deposition," with the presence of "a magistrate or judge . . . to order her to answer the questions" because "it is very likely that the plaintiff is going to refuse to answer many of the questions presented to her"; (4) Frank "to appear at the federal court in Eugene, Oregon, [after he is subpoenaed,] for the taking of his

Page 7 - OPINION AND ORDER

deposition"; and (5) an award of attorney fees and costs for "presenting this motion" and "obtaining the court reporter for the deposition at which the plaintiff refused to answer the question [regarding her residential address]," with the condition "that said amount is to be paid by the plaintiff before allowing the plaintiff to proceed any further in this litigation." Id. at 1-2, 5-6.

Plaintiff objects to Namanny's and Macdonnel's motion on a number of bases, all of which are not viable; however, she does not contend that the information sought is privileged or irrelevant.[1] See generally Pl.'s Resp. to Mot. Compel. Essentially, plaintiff argues that defendants' motion is brought in "ill will and bad faith," and therefore should be denied, because she "has already provided Mr. Franz with the non-party's contact information [in the form of an email address] pursuant to FRCP 26 and it is not Plaintiff's job to secure Mr. Franz'[s] witness for deposition testimony." Id. at 2-3. Nevertheless, plaintiff stipulates that she "is absolutely amendable to having her testimony re-taken."

---

[1] While plaintiff does not challenge the relevance of her deposition testimony generally or defendants' specific request for her home address, she does assert that, because "Mr. Frank was not present at the hospital during the events of which [she] complains, his testimony is not likely to lead to any discoverable information." Pl.'s Resp. to Mot. Compel 2-3. Plaintiff's argument ignores the fact that Frank witnessed her mix alcohol with prescription medications and thereafter threaten her life in the presence of her children; his testimony is therefore relevant because plaintiff's claims pertain, in part, to her mental state on the night in question and whether an emergency existed. See generally Third Am. Compl.

Page 8 - OPINION AND ORDER

Id. at 3.

Despite her apparent willingness to cooperate with defendants, noticeably absent from plaintiff's response is the inclusion of the specific information that Namanny and Macdonnel move to compel - i.e. her home address. Plaintiff also does not address defendants' concern that she may evade their questions at any future deposition. Further, the parties' prior proceedings reveal that plaintiff has repeatedly engaged in inappropriate behavior towards defendants and/or their counsel. See generally SCMC's Mem. in Supp. of Mot. Protective Order; SCMC's Mem. in Supp. of Mot. Sanctions; see also Frank v. Cascade Healthcare Cmty., Inc., 2013 WL 867387, *2, 12 (D.Or. Mar. 6, 2013).

Thus, some form of judicial oversight is warranted in the case at bar. The Court therefore orders plaintiff to furnish, within ten days of the date of this decision, her physical address to counsel for Namanny and Macdonnel. Likewise, because defendants unnecessarily incurred court reporting costs in reliance on her representations, plaintiff shall pay, within ten days of the date of this decision, the $113.00 fee associated with her September 3, 2013 deposition. See Franz Decl. Ex. 105. Plaintiff and Frank shall, after being issued the requisite notice and, in Frank's case, a subpoena, appear and participate meaningfully in depositions to be scheduled at the federal court in Eugene, Oregon.

Page 9 - OPINION AND ORDER

Nonetheless, because plaintiff is proceeding pro se and has not previously been, either orally or by written order, instructed about the seriousness of her actions as they pertain to defendants and/or their attorneys, the Court finds the imposition of sanctions, in the form of attorney fees, improper. See Wells Fargo Bank, N.A. v. Clark, 2012 WL 4794156, *6-7 (D.Or. Oct. 5, 2012) (imposing sanctions on a pro se defendant, in the form of attorney fees, only after he "repeatedly, willfully ignored the court's admonishments regarding professional communications [and] continued to communicate with plaintiff's counsel in a harassing, vulgar and threatening manner"). Further, the Court is not inclined to become enmeshed in the parties' ongoing discovery and therefore declines to make a Magistrate or District Court judge available to preside over plaintiff's and Frank's depositions; however, should plaintiff violate the terms of this order or otherwise fail to appear and/or meaningfully participate in a deposition, the Court will entertain a renewed motion for judicial intervention and sanctions. See Robertson v. Qadri, 2007 WL 1176635, *4 (N.D.Cal. Apr. 20, 2007) (denying the defendants' request for a special master to supervise all depositions but indicating a readiness to revisit the issue "if the parties and counsel continue to find that they are unable to comport themselves with civility and basic professionalism").

II. Motion to Amend

Plaintiff requests leave to file a fourth amended complaint

Page 10 - OPINION AND ORDER

"based upon the oral deposition testimony of Nichole Ryan, which took place on October 23, 2012,[2] and the Defendant Ian Macdonnel's responses to Plaintiff's request for Interrogatories." Pl.'s Mot. Am. 1. Specifically, plaintiff asserts that she "has now discovered several crucial pieces of information relevant to this case," such that the Court should reinstate the heretofore dismissed claims and defendants due to new "material facts in dispute which were not previously in existence." Pl.'s Mem. in Supp. of Mot. Am. 2, 8. Accordingly, implicit in plaintiff's motion is a request for reconsideration of this Court's March 6, 2013 decision.

Plaintiff's motion is denied for two reasons. First, plaintiff's motion does not include any certification concerning the parties' communications; as such, it is unclear whether plaintiff conferred with defendants prior to filing the present motion. See LR 7-1(a) (the court may "deny any motion that fails" to certify that the moving party conferred with opposing counsel in "a good faith effort . . . to resolve the dispute, and [are] unable to do so"). Second, plaintiff neither attached the proposed fourth

---

[2] Accordingly, Ryan's motion, which sought to prevent plaintiff from deposing her on October 23, 2013, is moot. See generally Ryan's Mem. in Supp. of Mot. Protective Order & Quash Subpoena; Taylor Decl.; see also Vettrus v. Bank of Am., N.A., 2012 WL 5462914, *4 (D.Or. Nov. 6, 2012) (a case is moot if "there is nothing left for this Court to do").

Page 11 - OPINION AND ORDER

amended complaint, nor the allegedly new evidence, to her motion.[3] See LR 15(d)(1) ("[a] copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading"); see also LR 15(c). Without such information, the Court is unable determine whether the relief requested is appropriate under the circumstances.

Finally, while not dispositive, the Court notes that plaintiff previously sought, both formally and informally, reconsideration of its summary judgment opinion and was denied. Moreover, although she does not identify any rule or precedent sanctioning the restoration of dismissed defendants and relitigation of claims asserted against them, Fed. R. Civ. P. 60(b) authorizes such relief.[4] See Fed. R. Civ. P 60(b)(2), (6) (a court may vacate a final judgment or order premised on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "any other reason that justifies relief"). If plaintiff does, in fact, intend to

---

[3] The Court acknowledges that Ryan's "deposition testimony transcript is pending preparation"; plaintiff nonetheless failed to furnish Macdonnel's interrogatory responses or a copy of the proposed amendments. Pl.'s Mot. Am. 2.

[4] Plaintiff is time-barred from seeking reconsideration pursuant to Fed. R. Civ. P. 59(e), as judgment was entered more than 28 days prior to the filing of the present motion. See Fed. R. Civ. P. 59(e); see also Fed. R. Civ. P. 58. In any event, "[t]he same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2)." Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) (citation and internal quotations omitted).

Page 12 - OPINION AND ORDER

seek further reconsideration, the Court encourages her to specifically provide argument and/or evidence regarding why Ryan's deposition testimony and Macdonnel's interrogatory responses qualify as "newly discovered evidence" or "extraordinary circumstances." See Jones, 921 F.2d at 878 (to obtain relief under Fed. R. Civ. P. 60(b)(2), "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case") (citation and internal quotations omitted); Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (Fed. R. Civ. P. 60(b)(6) governs "only where extraordinary circumstances" are present); see also United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) ("motions to reconsider are [neither] vehicles permitting the unsuccessful party to rehash arguments previously presented [nor] justified on the basis of new evidence which could have been discovered prior to the court's ruling").

## CONCLUSION

Namanny's and Macdonnel's motion to compel deposition testimony (doc. 193) is DENIED as to their request for sanctions and for a supervising Magistrate or District Court judge; and GRANTED in all other respects. Accordingly, plaintiff shall provide her residential address and pay the $113.00 court reporting

fee within ten days of the date of this opinion. Thereafter, plaintiff and Frank shall appear and meaningfully participate in depositions at the federal courthouse in Eugene, Oregon. The discovery period is hereby extended, from November 4, 2013 until December 4, 2013, the deadline for dispositive motions, to allow defendants time to complete the depositions at issue.

Ryan's motion for a protective order and to quash subpoena (doc. 198) is DENIED as moot. In addition, plaintiff's motion to amend (doc. 205) is DENIED with leave to refile in accordance with LR 7-1(a) and LR 15(c), (d).

IT IS SO ORDERED.

Dated this 5th day of November 2013.

_____
Ann Aiken
United States District Judge

Page 14 - OPINION AND ORDER